IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 74,990 & 74,991






EX PARTE MARTIN BARTLETT, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM TARRANT COUNTY






 Per Curiam.



O P I N I O N



 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code of
Criminal Procedure. Ex parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant was
convicted of the felony offense of driving while intoxicated and sentenced to six years
imprisonment. Applicant was also convicted of assault to a family member and sentenced to
an additional six years imprisonment. The court ordered the sentences to run concurrently. 
Applicant did not appeal these convictions.

 In the instant applications, Applicant contends, inter alia, that he was denied adequate
notice that he would be considered for release on mandatory supervision by the Texas Board
of Pardons and Paroles under the discretionary mandatory supervision statute, Section 508.149
of the Texas Government Code. As a result, Applicant claims that he was denied the
opportunity to submit relevant information to the Board to review when making their decision;
specifically, letters from family members, job verifications, housing arrangements, and a list
of rehabilitative programs which he completed. 

 The trial court has found that Applicant is not entitled to habeas corpus relief. However,
after a review of the documentation submitted by the TDCJ pursuant to an order issued by the
trial court and in light of our recent opinion in Ex parte Retzlaff, ___ S.W.3d ___ (Tex. Crim.
App. delivered May 19, 2004), delivered after the trial court issued its findings and
conclusions, we find that Applicant is entitled to relief. The Board shall review Applicant for
release on mandatory supervision within sixty days of the date that the Court's opinion is
issued. In doing so, the Board shall provide Applicant with timely notice of the review, which
is to be held before the fifty-ninth day, and give Applicant at least thirty days to submit any
explanatory material he desires for the Board's consideration when making their
determination. Applicant's remaining allegation is without merit, and therefore denied. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions Division, Review and Release Division, and the Board of Pardons and
Paroles Division.


DELIVERED: August 25, 2004

DO NOT PUBLISH